All right. Mr. Shia, the court appreciates your willingness to accept the appointment in this case under the Criminal Justice Act, and you may proceed. Thank you, Your Honor. I'm going to be here twice today, so this is my first argument, but you'll see me later on. But I'm here today on behalf of Mr. Hayden. And Mr. Hayden is currently residing in a federal prison. He's serving a 46-month sentence, and that is based on the court's finding, the trial court's finding, that his third-degree Minnesota murder conviction was a crime of violence. Now, obviously, if it wasn't, it would have been a lower advisory guideline range. It would have been 14 instead of 20. It would have been a 24- to 30-month sentence. Now, it was originally noted in the PSR, and I remember reading this specifically, they said it is unclear whether it was a crime of violence. And then moving along, when we had the actual sentencing argument in front of Judge Schultz, he said it was a close call. And we maintain that it is a close call, but it should have been decided the other way. That's why I'm here today. And we know what the criteria is, what the standard of review is. It can be a crime of violence under two theories, either under the force clause or under the generic term of murder. But what we're arguing here today, and it's set forth in our brief, and I'm not sure I'm going to even need the 10 minutes, but we're relying on the Borden decision, and that was Justice Thomas. He had the concurring opinion in that case. If I recall correctly, it was 5-4. And he was quoting from his prior dissent in Bozzine. And basically, he said that the use of physical force, which is what we're talking about under the force clause, had a well-understood meaning applying only to intentional acts designed to cause harm. And that goes on, and they never considered in that decision depraved mind, which is what we're dealing with here, the actual Minnesota conviction. But it basically said, in effect, the short form is it had to be an act directed at another individual. And the reason why we maintain that is not appropriate in this particular case is because when you look at the statute under which he was convicted, the third-degree murder statute, and this is where the Knorr decision comes in. This was a Minnesota Supreme Court decision, and they specifically held that you cannot be convicted, and the standard under Knorr is that cannot occur. And that was a depraved mind situation. I won't get into the facts because that's not relevant for the inquiry here today. But it was a depraved mind murder conviction. It cannot occur where a defendant's actions were focused on a specific person. And that's why we maintain... Is Minnesota unusual in that? Do you know if there are other states that have a particular kind of depraved heart murder statute with that caveat, that it cannot be targeted against an individual person? Not as direct, but I think Chief Judge Colleton had a decision in Brewer where he considered something similar. There are other cases where they do have statutes similar to this, and I believe the government has cited, I think, four of them in their brief. So I maintain still that it has to be an intentional act under Borden, and that if it's not, you cannot be convicted under the state statute. Does that answer it? Okay. But going back, as I said, if we go through the... But Borden doesn't really answer the question, does it? No, they said they didn't even consider depraved mind in that particular situation. I mean, you say the Thomas opinion argues for an intent requirement, but the plurality didn't address the issue. I believe that's correct, Your Honor, but I think the holding is it still has to be a crime against a specific individual, talking about the mens rea, the intent to harm another individual. And that's... It is... And the holding was that recklessness is insufficient. Ordinary recklessness was insufficient. I believe that might be the holding of Borden. I think that's correct, and that's why I pointed out they didn't use the specific language of depraved mind. And then if you follow what's happening in the other cases and the other jurisdictions, I think what they're trying to do, or what they have done, is that they have taken the depraved mind or recklessness and raised that to the level of intent to satisfy the requirement. That's our theory. And the problem is that I think giving the NOR standard in Minnesota, at best, has made the waters less clear. And that's part of the problem. I don't believe this Court has decided at this stage on the specific argument I'm making here today, recognizing or implementing the NOR standard. Why isn't it murder under the enumerated clause? Well, that's a different issue. You're talking about just a generic term of murder? Yes, and that's what I'm getting to. And that's the thing that... I don't think that any of those decisions that we're talking about, they have not implemented or analyzed the NOR decision. And I would maintain that that still... It's the government's burden to establish on a generic murder clause. It's the government's burden to establish that the specific crime under which he was convicted, looking at the statutory language, falls in the Heartland definition of murder. And we maintain that it does not because it is just a depraved mind recklessness. So for the enumerated clause argument, you're just relying on the depraved mind, but not the intent against a particular person? That's correct. Aspect of it? Yes. But basically, that's... Like I said, I didn't think I was going to need the entire time period that I have allocated, but I think the issue is clear. I recognize I may be swimming upstream a bit in this particular situation, but I think the issue has been framed. If you take the example that you need to have a specific intent against an individual, and then you incorporate the statutory language of NOR, which says you can't have a conviction if you are directed at a specific person. That's the problem here in this case, and that's why I maintain that it should not be considered a crime of violence on behalf of Mr. Hayden. Very well. Thank you for your argument. You're welcome. Mr. Nelson, we'll hear from you. And may it please the Court, Nathan Nelson on behalf of the United States. This Court should affirm the judgment of the District Court because Minnesota third-degree murder is a crime of violence under both the Force Clause and the Enumerated Defense Clause of the Guidelines. I think the most straightforward path forward here is the Enumerated Defense Clause because it short-circuits Borden. Borden is dealing specifically with the Force Clause, and it's, I think, a more straightforward way to resolve this case. Murder is specifically listed as a crime of violence under the Guidelines. And so the question really is, does Minnesota's third-degree murder substantially correspond with the generic definition of murder? And based on the common law, this Court's decisions, the Model Penal Code, it does. At common law, there were no degrees of murder. There was killings with malice, which were murder, and there were killings without malice, and that was manslaughter. And this Court has interpreted the term malice extensively because malice is also incorporated into the federal law of murder. And killings with malice include intentional killings, but they also include what this Court has called extreme recklessness murders, essentially comparable to the depraved heart murders that are covered by Minnesota third-degree murder. And this Court has interpreted malice to include killings where there is an intent to willfully act with callous and wanton disregard for the consequences of human life. The same is true under the Model Penal Code. What case are you thinking of there? So it's discussed, I believe, in the Janus case, which cites back to cases like Comley, which is, and Black Elk, and cases like that. It's similar standard under the Model Penal Code, that's 210.1. Criminal homicide is murder if it's committed intentionally, but also if it's committed recklessly under circumstances manifesting an extreme indifference to the value of human life. And for those reasons, multiple circuits, starting with Marrero in the Third Circuit, and then followed by Vederhoff, Manzano in the Ninth and Tenth Circuits, define their generic definition of murder to include intentional murders, but also these sort of extreme recklessness or depraved heart murders. And that's precisely what Minnesota third-degree murder requires. 609.195A applies to unintentional killings by committing an act imminently dangerous to others and highly likely to cause death, such that it shows the defendant was indifferent to the loss of human life that his dangerous activity could cause. Just another way of saying it requires extreme or elevated recklessness, as the Minnesota Supreme Court has explicitly said. And just as with the Model Penal Code, just as with Federal law, I think you left out the without clause. Did you cover the without clause? Whoever, it says, without intent to effect the death of any person. That's correct. It excludes intentional killings without intent to cause death, because Minnesota takes intentional killings and it places them in the bucket of first-degree murder and second-degree murder. So third-degree murder is specifically unintentional killings, but only those that are caused by an extremely reckless act showing callous and wanton indifference to human life. So with regard to what Minnesota calls this particular person exclusion, at least I read the defendant's brief of saying that particular person exclusion does take it outside the heartland of generic murder. But I disagree for a couple reasons. The Minnesota Supreme Court has made clear that third-degree murder still requires malice. They have said in Knorr, in Coleman explicitly, it's still a malice crime. It requires malice, just as Federal murder does, just as the common law does. The only difference is that Minnesota legislature decided to divide malice. They're dividing malice into specific malice and general malice. They punish specific malice more seriously. They punish general malice as a third-degree. And that's different from the Federal law where all of malice is essentially lumped together as murder two or, with aggravating circumstances, murder one. But the Minnesota legislature was entitled to adopt this sort of graduated punishment scheme for murder and treat specific malice murders more seriously than general malice murders. But it still is murder within the generic definition because it does require one of the traditional forms of malice, extreme recklessness under, as just as Federal law does, just as the Mahou Penal Code does, just as the common law did. Even if it was not under the enumerated defense clause, the government does believe it would also be a crime of violence under the force clause. With respect to the force clause, there's no question that murder involves the use of force. But Minnesota has the bit where it cannot be intended to, or it can't be directed at an individual person. Does that carve it out? Borden addresses that. It basically says, you know, the perpetrator must direct his actions at an individual. Does that cause some problems for including this particular Minnesota statute as a crime of violence? No, I don't think it does, Your Honor, for a couple reasons. I mean, one, I'd like to just take a step back and look at what Borden was trying to do. Borden was interpreting the language, what does it mean to use force against the person of another? And it's really a question, a case that interprets what does against mean? And it looked at two potential definitions of against. Against meaning like in opposition to. They say the general deployed his forces against the enemy versus just meaning making contact with. So, for example, the baseball hit against the wall. Those are the examples the Supreme Court uses. And because the Court had already said that against requires volitional conduct or use of force requires volitional conduct, the Court was finding that only a definition that encompassed oppositional conduct was sufficient to satisfy the force clause. But what the plurality and, frankly, no one on the Court other than Justice Thomas said is it did not require that force be used intentionally, and it did not necessarily require that force be targeted against a particular person, against one specific person. Because if you think about the word against, the person of another, it can apply to multiple direct objects, multiple people, just as it can, as easily as it can to one. If you think about the quintessential examples of, I think, recklessness or third degree murder, the Supreme Court mentions like speeding a car through a crowd. Force is still being used against other people. Similar, I think the Supreme Court mentions like blocking train tracks and causing a derailment. Other examples I can think of are throwing rocks off an overpass or shooting a new occupied building. All those are common sense applications of force against other people. And there's really no reason to distinguish those types of use of force from those that are targeted against one particular or one specific person. And I think, really, this Court has already rejected a very similar argument in Janus, the Janus case, where the Court said it would overstate the holding of borden to require that every use of force must purposefully target the specific victim who is a specific person who is victimized. And that's really been echoed by other circuits in the Begay case of the Ninth Circuit that doesn't require targeting, quote, any particular individual. And then, again, in the Kepler case out of the Tenth Circuit, the force clause does not say specific person. It only requires a force against the person of another. The last point I'd make is I think that adopting that, the defendant's interpretation would really lead to absurd results. I mean, this Supreme Court has instructed when we look at the force clause, don't forget that we're interpreting crime of violence. And there should be a preference towards interpretations that encompass prototypical crimes of violence. And murder, as this Court has said, is the ultimate violent crime. So for those reasons, the government believes the Court should affirm the district court on both the enumerated defense clause and the force clause. And unless the Court has any questions, I yield the balance of my time. Very well. Thank you for your argument. Do you care to make rebuttal, Mr. Shia, or have we covered it? You may. Thanks, Judge. I'd just go back to the plurality opinion, Justice Kagan. As you pointed out, it wasn't Justice Thomas. It was his concurring opinion. But it says that the phrase against another when modifying the use of force demands that the perpetrator direct his action at or target another individual. That did not happen in this case. But right before that is the footnote signal that says we have no occasion to address... Depraved mind. I understand. I talked about that earlier. So it's there. We've got nor, like I said, nor has injected a new factor. And now this Court has to make a decision. Thank you. Thank you very much. Thank you, both counsel. The case is submitted and the Court will file a decision in due course.